MAR 23 2026 AM 9:28
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY M. JEANTY,               )
    Plaintiff,                   )
                      )
v.                               )
                      )
                      )  Case No.: 8:26-CV-761-SDM-SPF
HILLSBOROUGH COUNTY             )
BOARD OF COUNTY                 )
COMMISSIONERS,                  )
    Defendant.                   )
_____ )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY M. JEANTY ("Plaintiff"), proceeding pro se, brings this action against HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS ("Defendant") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages and equitable relief arising under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district because the unlawful employment practices occurred in Hillsborough County, Florida.

4. Plaintiff has exhausted all administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 511-2026-00851. Plaintiff received a Notice of Right to Sue on or about December 22, 2025, and has timely filed this action within ninety (90) days of receipt.

### PARTIES

5. Plaintiff is an individual residing in Hillsborough County, Florida.

6. Plaintiff has been employed by Defendant since approximately 1998.

7. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

8. At all relevant times, Plaintiff was able to perform the essential functions of his position with or without reasonable accommodation.

9. Defendant is a governmental entity and employer within the meaning of the ADA.

### FACTUAL ALLEGATIONS

10. Plaintiff has worked for Defendant for over two decades and currently holds the position of Utility Maintenance Operator Tier 1 (UMO1).

11. Plaintiff has a disability and has been granted reasonable accommodations by Defendant.

12. Plaintiff is qualified for promotional opportunities, including the Utility Maintenance Supervisor Tier 1 (UMS1) position, and meets all objective criteria for such roles.

13. On or about February 17, 2025, Plaintiff applied for a UMS1 position.



14. Despite his qualifications, Defendant did not select Plaintiff and instead selected a less experienced, non-disabled individual.

15. In June 2025, Plaintiff applied for another UMS1 position and interviewed on June 5, 2025.

16. Plaintiff was again not selected despite being qualified for the role.

17. In or around July 2025, Plaintiff met with management to address his repeated non-selection for promotion.

18. During that meeting, Plaintiff was informed that his reasonable accommodations were a factor in the decision not to promote him.

19. As a result of these statements, Plaintiff was discouraged from applying to future promotional opportunities.

20. Plaintiff also identified a similarly situated employee (J.D.) who was permitted to avoid standby duties without consequence, despite such duties being related to Plaintiff's accommodation limitations.

21. Additionally, Plaintiff is paid less than a less-tenured employee who has held the same position for fewer years, despite Plaintiff's greater experience and tenure.

22. Defendant has failed to provide a legitimate, non-discriminatory explanation for this pay disparity.

23. Plaintiff engaged in protected activity by opposing and questioning discriminatory practices related to his disability and reasonable accommodations.

24. Defendant's actions constitute adverse employment actions, including but not limited to denial of promotions and unequal compensation.

25. Following Plaintiff's protected activity, Defendant continued to deny Plaintiff promotional opportunities and subjected him to disparate treatment.

26. Defendant's actions were causally related to Plaintiff's protected activity.

27. Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights.

28. As a result of Defendant's conduct, Plaintiff has suffered damages, including lost wages, lost promotional opportunities, and emotional distress.

## COUNT I
## DISABILITY DISCRIMINATION (ADA)

29. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28.

30. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

31. Plaintiff was qualified for the promotional opportunities he sought.

32. Defendant discriminated against Plaintiff because of his disability and/or his need for reasonable accommodations.

33. Defendant denied Plaintiff promotions and subjected him to unequal compensation and disparate treatment because of his disability and accommodations.

34. Defendant's actions constitute unlawful discrimination in violation of the ADA.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

## COUNT II
## RETALIATION (ADA)

36. Plaintiff re-alleges and incorporates by reference the allegations set

forth in paragraphs 1-28.

37. Plaintiff engaged in protected activity by opposing disability discrimination and raising concerns regarding Defendant's practices.

38. Defendant subjected Plaintiff to adverse employment actions, including denial of promotional opportunities and continued disparate treatment.

39. There is a causal connection between Plaintiff's protected activity and Defendant's actions.

40. But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to these adverse actions.

41. Defendant's conduct constitutes unlawful retaliation in violation of the ADA.

42. As a result, Plaintiff has suffered damages.

### DEMAND FOR JURY TRIAL

43. Plaintiff demands a trial by jury on all issues triable by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

Compensatory damages;

Back pay and front pay;

Equitable relief, including but not limited to promotion or instatement;

Pre-judgment and post-judgment interest;

Any further relief the Court deems just and proper.

Dated: Friday, March 20, 2026.

Respectfully submitted,

/s/ **Anthony M. Jeanty**

Anthony M. Jeanty (Pro Se)

P.O. Box 1392

Wimauma, FL 33598

Telephone: 813-230-2486

Email: amp0071@icloud.com

6